**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**DERRICK HORN**                                                              **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 3:14CV19-MPM-SAA**

**INLAND DREDGING COMPANY, LLC**                                 **DEFENDANT**

## ORDER

Plaintiff has moved to compel production of documents from defendant relating to the contract under which Inland Dredging Company, LLC ("IDC") was operating for the United States Army Corps of Engineers ("USACE"). Docket 33-1. The discovery requests were propounded on July 3, 2014, and defendant responded on August 1, 2014. *Id.* The parties have conferred and resolved all objections to the propounded requests except for Request for Production 15 which requests "[a]ll daily reports sent from the dredge to the USACE during this project." Docket 35, p. 2.

Defendant objects to Request 15 as overly broad and unduly burdensome and further advises that the dredging project on which the alleged incident occurred began on June 81, 2009 and ended on August 8, 2011. Plaintiff's accident occurred on October 16, 2010 "while using a wrench to unbolt a flange from a section of rubber pipe that just happened to be on a crane barge." Docket 35, p. 2. Defendant asserts that during the two-year period during which the dredging project was conducted, "hundreds, if not thousands, of daily reports were sent to the Corps of Engineers." *Id.* at 3. According to defendant, the reports primarily relate to irrelevant information such as the work performed on the project, the area dredged, amount and

composition of material dredged, sub-contractors on the project, mechanical problems or delays occurred, repairs made, amount of fuel used, hours worked by the crew and equipment on the jobsite. *Id.*

Plaintiff has provided no explanation of how these particular documents are likely to lead to the discovery of admissible evidence. In fact, plaintiff does not even cite Federal Rule of Civil Procedure 26(b)(1), which allows

> discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The general rule, particularly as to document requests, is that a

> document or thing that is relevant to the claim or defense of any party may be inspected pursuant to Rule 34 unless it is privileged, or it has been prepared in anticipation of litigation or for trial, or it reveals facts known and opinions held by experts, or there are special reasons why inspection would cause annoyance, embarrassment, oppression, or an undue expense burden.

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2206, at (3d ed. 2010). Plaintiff offers no explanation for how the discovery of over two years of daily reports, regarding virtually every detail of or event which occurred during the entire project, is in any way "reasonably calculated to lead to the discovery of admissible evidence." Defendant has demonstrated that production of over two years of daily reports will certainly cause an undue expense burden and the majority of the documents are not in any way relevant to the claims asserted by plaintiff. Moreover, defendant represents that it proposed to plaintiff that this discovery dispute be resolved by producing "any reports generated during the thirty-day period prior to the incident that reference any Corps of Engineers safety requirements, as well as any reports that reference the incident," but plaintiff rejected this proposal.

2

The court finds that the request as propounded is without question overbroad and burdensome, and that defendant's proposed resolution to the dispute eminently reasonable. Plaintiff has not explained to the court why more reports are needed. Accordingly, plaintiff's Motion to Compel is granted, but only in part. No later than October 6, 2014, defendant must produce to plaintiff copies of all daily reports which it submitted to the Corps of Engineers in the thirty days before the incident sued upon in this action, along with any other report which refers to or grows out of the incident.

**SO ORDERED**, this, the 22nd day of September, 2014.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE